# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **MARY DERISE** | **CASE NO. 6:18-CV-00406** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **REGIONS BANK ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## SUA SPONTE ORDER ON JURISDICTION

Before the Court is Plaintiff, Mary Derise's, Motion for Remand [Rec. Doc. 8] and Defendant, Regions Bank's, Opposition thereto [Rec. Doc. 13]. Plaintiff filed this action on February 7, 2018 in the Sixteenth Judicial District Court, Parish of Iberia, Louisiana. *R. 1-2*. Plaintiff named as defendants Regions Bank ("Regions") and Elaine Ducote ("Ducote"), manager of Regions contending negligence for failure to inspect and maintain the premises in a safe condition; failure to provide a safe approach to the building from the parking lot; creation of an abrupt and dangerous obstacle; failure to remedy a dangerous and hazardous condition; and failure to exercise reasonable care commensurate with the circumstances. *Id.* ¶ 9. Defendants removed the case to this Court on March 23, 2018 based on diversity of citizenship grounds. 28 U.S.C. §§ 1332, 1441. The parties do not contest that both Plaintiff and defendant Ducote are citizens of Louisiana. Regions argues, however,

that Ducote was added to the lawsuit solely to defeat diversity jurisdiction and not because any plausible claim exists against her.

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

Hence, the Court must initially conduct a jurisdictional analysis in order to determine if removal was proper in the first place. While the Court finds that the record contains an affidavit in which Plaintiff clarifies the factual allegations related to the issue of subject matter jurisdiction, Plaintiff has failed to allege sufficient factual allegations which would allow the Court to determine whether or not the Court has jurisdiction over Ducote. However, mindful that dismissal without the ability to amend is a harsh remedy[1], the Court, in its discretion, will grant Plaintiff 14 days to amend her petition to provide a more definite statement of Plaintiff's

---

[1] *See Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) (indicating district courts should allow leave to amend to conform to the federal standard in cases removed from state court).

claims pursuant to Rule 12(e). *See DeCossas v. St. Tammany Parish School Board,* 2017 WL 3971248, at *27 (E.D.La., 2017).

Accordingly,

**IT IS ORDERED** that Plaintiff is granted leave to amend her petition within **fourteen (14) days** to provide a more definite statement as to her alleged claims against defendant Elaine Ducote.

**THUS DONE AND SIGNED** this 11th day of July, 2018.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE