UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **MARY DERISE** | **CASE NO. 6:18-CV-00406** |
| **VERSUS** | **UNASSIGNED DISTRICT JUDGE** |
| **REGIONS BANK ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court upon referral from the district judge, is a Motion for Remand and for Attorney's Fees filed by Plaintiff, Mary Derise, [Rec. Doc. 8] and Defendant, Regions Bank's, Opposition thereto [Rec. Doc. 13]. For the reasons that follow, the Court will grant Plaintiff's Motion and remand this matter to the 16th Judicial District Court, Parish of Iberia, State of Louisiana.

### PROCEDURAL BACKGROUND

Plaintiff filed this action on February 7, 2018 in the Sixteenth Judicial District Court, Parish of Iberia, Louisiana. *R. 1-2*. Defendants removed the case to this Court on March 23, 2018 based on diversity of citizenship grounds. 28 U.S.C. §§ 1332, 1441. The parties do not contest that both plaintiff and Elaine Ducote are citizens of Louisiana. Defendants argue, however, that Ducote was added to the lawsuit solely to defeat diversity jurisdiction and not because any plausible claim exists against

her. Plaintiff filed the instant motion to remand on April 23, 2018. *R. 8*. Defendants filed a memorandum in opposition on May 14, 2018. *R. 13*.

Before addressing Plaintiff's motion to remand and adjudicating the merits of Plaintiff's claim, the Court must determine if its own subject matter jurisdiction exists in this case. *Smith v. Bank of America Corp.*, 605 Fed.Appx. 311, 314–15 (5th Cir. 2015) (citing *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258–61, 1264 (5th Cir. 1988) (holding that the district court erred by failing to address the important jurisdictional issues before reaching the merits of the case, and that the district court's failure to assess its own jurisdiction necessitated remand). On July 11, 2018, the Court issued a *sua sponte* order directing Plaintiff to amend her complaint to allege sufficient factual allegations which would allow the Court to determine whether or not the Court has jurisdiction over Ducote. *R. 16*. Plaintiff complied with the Court's order and filed a First Supplemental and Amending Petition ("amended petition") on July 13, 2018. *R. 17*. The Court will consider the motion to remand based on the amended petition.

## FACTUAL BACKGROUND

Plaintiff alleges in the amended petition that on December 6, 2017 while walking up to the Region's Bank in New Iberia, Louisiana, ("Regions") she tripped on an uneven and unmarked ledge causing her to strike her head and face directly onto the concrete. *R. 1-2, ¶¶ 3-5*. She alleges that at the time of her injury Elaine

2

Ducote ("Ducote") was working as the manager of Regions. *R. 17, ¶ 13*. She further alleges that Ducote "refused to call an ambulance or take appropriate action to provide reasonable care commensurate with the circumstances." *Id. at ¶ 14*. As a result of Ducote's refusal to call an ambulance, Plaintiff alleges she was left to sit in the bank's lobby "bleeding and in pain" until her daughter-in- law could get to the bank and take her to the emergency room. *Id. at ¶ 15*. She alleges that the impact caused serious injury to her head, face, eyes, nose, arm and knees and resulted in immediate medical attention and surgery. *Id. at ¶¶ 6, 7*. As a result she is unable to engage in the lifestyle and activities she enjoyed prior to the accident. *Id. at ¶ 8*.

Plaintiff named as defendants Regions, Ducote, and "ABC" Insurance Company contending negligence for failure to inspect and maintain the premises in a safe condition; failure to provide a safe approach to the building from the parking lot; creation of an abrupt and dangerous obstacle; failure to remedy a dangerous and hazardous condition; failure to exercise reasonable care commensurate with the circumstances, and failure to take reasonable action to provide medical care in a timely manner. *R. 17, ¶ 17*.

## THE LAW OF IMPROPER JOINDER

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of

action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal diversity jurisdiction. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See*, 28 U.S.C. § 1447(c).

The improper joinder doctrine is a narrow exception to the complete diversity rule. *McDonald v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "The party seeking removal bears a heavy burden of proving that the joinder of the instate party was improper." *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004) (*enbanc*). To establish improper joinder, the party seeking removal must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Under the second test, applicable

in this case, the removing party must show "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an instate defendant." *Smallwood*, 385 F.3d at 573.

The Fifth Circuit has explained that to determine whether a plaintiff has a reasonable basis of recovery under state law, a court can resolve the issue in one of two ways. *Smallwood*, 385 F.3d at 573. "The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*. However, where a plaintiff has omitted or misstated "discrete facts that would determine the propriety of joinder," the district court may "pierce the pleadings and conduct a summary inquiry" to determine whether a non-diverse defendant has been improperly joined. *Id*. Although the decision regarding the procedure necessary in a given case lies within the discretion of the district court, the Fifth Circuit has cautioned that, "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id*. at 573-74. The Fifth Circuit further advised that, "[T]he inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id*. at 574.

## THE PARTIES CONTENTIONS

Plaintiff alleges that after she fell, Ducote "failed to call an ambulance or take any steps whatsoever to provide the medical attention [Plaintiff] required." *Id.* Instead, Plaintiff contends, Ducote had her sit in Region's lobby while she was "bleeding and in pain" and wait for Plaintiff's daughter-in law to pick her up and take her to the hospital emergency room. *Id.* As a result Plaintiff did not receive any medical attention for her broken nose or other injuries after the accident until her daughter-in-law was called by Ducote, drove to Regions to pick her up and then drive her to the emergency room. *Id.*

Defendants argue that complete diversity exists because Plaintiff has failed to state a valid claim against Ducote under the test articulated in *Canter v. Koehring Co.*, 283 So.2d 716 (La. 1973). Specifically, Defendants contend that Plaintiff's petition fails to allege that Regions delegated its duty to exercise reasonable care related to its premises to Ducote or that Ducote actively caused any harm to Plaintiff. *R. 13, p.4*. Defendants further contend that even if Ducote owed an ordinary duty of care to Plaintiff, the Affidavit of Ducote attached to its opposition memorandum establishes that she discharged such a duty.

## DISCUSSION

Plaintiff moves to remand on the ground that she has a claim against Ducote, a Louisiana citizen for purposes of diversity of citizenship. As provided in the

6

foregoing, to prove a claim of improper joinder Defendants have the burden to demonstrate that there is "no possibility that the plaintiff would be able to establish a cause of action against the non-diverse defendant in state court." *Smallwood*, 385 F.3d at 573. Thus, the question is whether Defendants have demonstrated that there is no reasonable basis for the Court to predict that Plaintiff could prevail against Ducote. *Id.* If Defendants meet that burden, improper joinder has occurred, and the requirements for diversity jurisdiction will have been satisfied. If not, the case must be remanded for lack of subject matter jurisdiction.

Defendants assert that Louisiana law sets forth the circumstances under which a corporate employee can be held individually liable for injuries to third persons. Under Louisiana law, a manager such as Ducote may be personally liable for a customer's injury on the premises only if (1) the employer owes a duty of care to the customer; (2) the employer delegated that duty to the employee; (3) and the employee breached this duty through her own personal fault and lack of ordinary care. *Moore v. Manns*, 732 F.3d 454, 456-57 (5th Cir. 2013) (citing *Canter v. Koehring Co.*, 283 So. 2d 716, 721 (La. 1973). Personal liability cannot be imposed upon the employee, however, simply because of her "general administrative responsibility." *Canter*, 283 So. 2d at 721. The employee "must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages." *Id*.

7

In her amended petition, Plaintiff alleges that her fall and impact caused "serious and significant injuries" which required "immediate medical attention and surgery." As to her claim against Ducote, Plaintiff alleges that Ducote's "failure to exercise reasonable care… caused very real and very serious, damage and injury to Plaintiff." Specifically, she alleges that Ducote failed "to take reasonable action to provide [her] medical care in a timely manner."

Defendants concede that "Regions owes a duty to its invitees to exercise reasonable care under the circumstances," but contend that Plaintiff fails to allege that Regions delegated the duty to Ducote or that Ducote's actively caused any harm.[1] Defendants further contend that in the event the Court finds that Ducote owed Plaintiff a duty of ordinary care, Ducote's Affidavit, attached to their opposition, demonstrates that she discharged such a duty. They suggest that this evidence demonstrates that Plaintiff misstated or omitted discrete facts regarding whether Ducote was properly joined and the Court should therefore pierce the pleadings and rely on Ducote's Affidavit to support Defendants' removal.[2]

---

[1] [A] premises owner has a duty of exercising reasonable care for the safety of persons on its premises and a duty of not exposing such persons to unreasonable risks of injury or harm. *Thomas v. A.P. Green Industries, Inc.*, 933 So.2d 843, 852 (La.App. 4th Cir.2006). Moreover, an employee may be held individually liable by a third person for breach of a duty that arises out of the employment or agency relationship between the employee and her employer. *Canter*, 283 So.2d at 722-723.

[2] Plaintiff attached the Affidavit of Sherlyn Derise to her motion which states that when she was called by Ducote she asked her to call an ambulance, which Ducote refused to do. R. 8-2. The Court will not consider the Affidavit.

Contrary to Defendants' offer of Ducote's Affidavit, the Court has already considered the amended pleading in determining that Plaintiff has stated a claim upon which relief may be granted, consistent with a Rule 12(b)(6) analysis. As to the self-serving Affidavit of Ducote, such evidence risks going beyond a "summary inquiry," which should be limited to undisputed "misstated or omitted discreet facts" that would easily refute the propriety of Ducote's joinder and ventures into the merits of the case. The Court, in its discretion, declines to expand the inquiry to include Ducote's Affidavit.

The Court finds that, based on the amended pleading, Ducote had personal involvement with Plaintiff related to the medical attention she received which was necessitated by her injury. Plaintiff has alleged that Ducote violated her duty of ordinary care in responding to Plaintiff's injuries. Thus, Defendants cannot carry the heavy burden of proof imposed upon them by the cited jurisprudence to prove that Ducote was joined "improperly." *See Gardner v. Craft*, 2011 WL 837748, at *4 (W.D.La.,2011).

In addition to the motion to remand, Plaintiff also requests that the Court award her attorney's fees under 28 U.S.C. § 1447(c). *R.* 8. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." However, "[t]here is no automatic entitlement to an award of attorney's fees. Indeed, the clear language of the statute

makes such an award discretionary." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). According to the Fifth Circuit, "[T]he question we consider in applying § 1447(c) is whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Id.* at 293. Here, the Court finds that an objectively reasonable basis existed for the removal of this action. As such, the imposition of attorney's fees is not warranted.

## CONCLUSION

For the above-assigned reasons,

**IT IS RECOMMENDED** that Motion for Remand filed by Plaintiff, Mary Derise, [Rec. Doc. 8] be **GRANTED** and this action be remanded to the 16th Judicial District Court in and for the Parish of Iberia, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that the Motion for Attorney's Fees and costs filed by Plaintiff be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 7th day of August, 2018.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE